☙JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

3 04 CV - 495 - G

(b) County of Residence of First Listed Plaintiff **DALLAS**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **DALLAS**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
MAR 10 2004
CLERK, U.S. DISTRICT COURT
By _____ NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
RHONDA CATES
LYON, GORSKY, BASKETT, HARING, GILBERT & CATES, LLP
2501 CEDAR SPRINGS ROAD, #750
DALLAS, TX 75201

Attorneys (If Known)
UNKNOWN

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Constructive termination: discrimination of sex & pregnancy; Title VII

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000 per violation

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  none
JUDGE _____  DOCKET NUMBER _____

DATE  3-10-04
SIGNATURE OF ATTORNEY OF RECORD  *Rhonda Cates*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
MAR 10 2004
CLERK, U.S. DISTRICT CC
By _____

| | | |
|---|---|---|
| KANDICE BRIDGES,<br>Plaintiff | §<br>§<br>§ | |
| VS | §<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. |
| JENKENS & GILCHRIST,<br>A Professional Corporation<br>Defendant | §<br>§<br>§ | 3 04 CV - 495 - G |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

COMES NOW, Plaintiff, Kandice Bridges ("Bridges") by and through her attorneys of record, Lyon, Gorsky, Baskett, Haring, Gilbert & Cates, L.L.P., who files this civil action against the Defendant Jenkens & Gilchrist, a Professional Corporation ("Jenkens"), for abridging her Fourteenth Amendment rights to the United States Constitution and for violations of 42 U.S.C. § 2000e. In support of her Original Complaint, Plaintiff hereby alleges and states as follows:

I.

### INTRODUCTORY STATEMENT - JURISDICTION AND VENUE

1. Venue of this Court is invoked pursuant to 28 U.S.C. § 1391(b), this being an action not founded on diversity of citizenship and the Northern District of Texas being the judicial district in which all parties reside and in which events which are the subject of this Civil Complaint occurred.

Plaintiff's Original Complaint and Jury Demand                                    Page 1

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1337, 1343 and 2201. This is a civil action authorized by law to be commenced to redress the deprivation of rights guaranteed under the Fourteenth Amendment to the United States Constitution.

## PLAINTIFF

3. Plaintiff herein is a female who was previously employed at Jenkens & Gilchrist, a Professional Corporation in Dallas, Texas. Plaintiff is a citizen and resident of the State of Texas and the United States and is over the age of eighteen (18) years. At all times relevant to the events described herein, Plaintiff was employed by Jenkens & Gilchrist, a Professional Corporation as an attorney.

## DEFENDANT

4. The Defendant Jenkens is a law firm and is an employer of more than fifteen (15) individuals. Jenkens is the former employer of the Plaintiff. During all times relevant to this action, Jenkens and/or its agents and employees, engaged in illegal conduct which resulted in injuries and damages to Plaintiff, and Jenkens, by the acts of its agents or employees, deprived Plaintiff of rights secured by the laws of the United States. Jenkens may be served by serving its registered agent, C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

II.

## BACKGROUND FACTS

5. Plaintiff joined the firm of Jenkens & Gilchrist, a Professional Corporation in May, 1999 after graduating from Southern Methodist University's School of Law with an L.L.M. degree in taxation.

Plaintiff's Original Complaint and Jury Demand                                                                                           Page 2

6. Plaintiff was assigned to the ERISA section, where she excelled. Her first two performance reviews were outstanding and firmly put her on the "shareholder track."

7. The employee benefits practice group's leader was attorney David Cowart. The board member over the practice group was Ms. Riva Johnson.

8. The firm had established a minimum annual billing requirement for each attorney for the year. For 2002, that requirement was 1,900 hours.

9. Plaintiff had billed approximately 2,010 hours for the 1999-2000 bonus year and 1970 hours for the 2000-2001 bonus year. Plaintiff billed more than the minimum number of hours each calendar year required to receive a raise and promotion to the next associate class.

10. Plaintiff was the "leader" of a team whose task was to file employee plans with the Internal Revenue Service.

11. In March of 2002, Plaintiff became pregnant with her first child. Although she was quite ill during the early stages of her pregnancy she continued to bill over an average of 150 hours per month over the course of her pregnancy.

12. Soon after Plaintiff notified Defendant of her pregnancy, there began a course of discrimination against the Plaintiff by her supervisors.

13. She was continually berated for having her "priorities out of order", insulted about her appearance, humiliated in front of her peers and harassed about her choice to have children with an implication that it somehow would affect her abilities at work.

14. Plaintiff was removed as a team leader. She was told that she had a bad attitude, her heart was not in the right place and therefore, they were concerned that

work would "fall through the cracks" if she remained in that position.

15. Throughout her pregnancy, Plaintiff continued to update her supervisors on her physical well-being, stamina and her doctor's instructions.

16. Early in the week of November 4, 2002, Plaintiff's doctor ordered bed rest for her. She agreed to cut back her hours but requested that she be able to continue to work at the office for the rest of that week in order to get things in order. She asked her doctor if she could be reevaluated in a few weeks. Her doctor agreed, but was not optimistic that she would be able to return to work.

17. When Plaintiff informed her supervisor that she would be on bed rest at the end of the week, he responded by assigning to her a project that would take at least 50 hours to accomplish.

18. Plaintiff was concerned that she would not be able to accomplish that much work before the end of the week in addition to getting the rest of the work already on her desk in order. She shared her concern with her supervisor yet he argued that she could accomplish the work while lying in bed on her side. In front of another attorney, her supervisor spent a considerable amount of time explaining all of the ways he could think of that she could work lying down at home.

19. The next day, she was told that her annual review had been accelerated and that she should come to her supervisor's office. Contrary to any prior work review, it was a very negative evaluation. She endured over 45 minutes of being berated by her supervisor in the presence of a member of Jenkens' board of directors. She was told that if her commitment and dedication did not improve, she would be under threat of being terminated.

20. After she returned to her office in tears, her supervisor followed and entered her office. The supervisor, in the presence of another attorney, continued to yell at her about her priorities being misplaced, all while Plaintiff was sitting at her desk, sobbing.

21. Plaintiff's co-workers, who witnessed these events, were very concerned about her condition considering that she was due to have the baby in a few weeks.

22. Later that same day, Plaintiff went into labor and her child was born 5 ½ weeks premature. The infant spent 2 ½ days in Neonatal Intensive Care Unit and fourteen days in the Special Care Nursery at Presbyterian Hospital.

23. After her scheduled 12 weeks of leave, Plaintiff returned to work at Jenkens on a part-time basis.

24. Plaintiff found that the firm's attitude about her having a child had not changed. Her supervisors continued to berate her and question her ability and commitment. Her supervisors recommended that her secretary pick up her child from daycare and baby-sit him so that Plaintiff could continue working in the evening at the office. Plaintiff was also subject to negative comments about her decision to breast feed her child, the time it took to pump while at work, and the changes to her appearance as a result of her decision to breast feed her child.

25. As the conditions at Jenkens were intolerable, Plaintiff was forced to seek other employment. Plaintiff left the employ of Jenkens on May 23, 2003.

## III.

## **VIOLATION OF 42 U.S.C. §2000e - TITLE VII CLAIM**

26. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25.

27. Plaintiff timely filed with the Equal Employment Opportunity Commission (the "EEOC") a charge of discrimination against Jenkens. (Attached as Exhibit "A")

28. Plaintiff received the right to sue from the EEOC on December 17, 2003. (Attached as Exhibit "B").

29. Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") and belongs to a class protected under Title VII, namely she is female and was pregnant.

30. Plaintiff was constructively discharged from Jenkens.

31. Defendant Jenkens is an employer within the meaning of Title VII, and employs more than fifteen (15) individuals.

32. Jenkens intentionally discriminated against the Plaintiff because of her sex, her gender and her condition of pregnancy in violation of Title VII by not granting Plaintiff the same terms, conditions and privileges of employment as male and non-pregnant females with short term disabilities.

33. Jenkens, through its agents and employees, directly or indirectly, approved and ratified the unlawful, deliberate, and reckless disregard of Plaintiff's civil rights.

34. As a result of its concerted, unlawful and malicious conduct towards the Plaintiff, the Defendant deprived the Plaintiff of her rights guaranteed under Title VII.

35. As a direct and proximate result of the acts of Jenkens, through Cowart and Johnson, as set forth above, Plaintiff's professional career has been irreversibly damaged. Plaintiff has suffered great physical and emotional damage, mental pain, suffering and anguish, loss of income, embarrassment, loss of esteem in the eyes of the community and of the Plaintiff's co-workers, and in all reasonable probability, she will continue to suffer in this manner far into the future. Plaintiff's damages flow directly from, and are intimately connected to the deprivations, violations, and infringements of the Plaintiffs' statutory rights as guaranteed under Title VII.

36. As relief for Defendant's discriminatory acts, Plaintiff prays that the Court declare the conduct of Defendants to be a violation of federal law; award the Plaintiff's damages for Defendant's violations, including Plaintiff's costs and reasonable attorneys' fees for the pursuit of this action under 42 U.S.C. § 2000e-5(k); and other such other relief as the Court deems just.

## IV.

## ATTORNEY' FEES

37. Plaintiff seeks reasonable attorney's fees as provided for in 42 U.S.C. § 1988(b).

## V.

## DAMAGES AND PRAYER FOR RELIEF

38. Wherefore, Plaintiff requests the following relief:

a. compensatory damages to Plaintiff in the amount of at least $500,000.00 for each violation of Title VII;

    b.    reasonable attorney's fees and costs;

    c.    pre and post-judgment interest as allowed by law;

    d.    such other and further relief as the nature of this action may require.

## VI.

### JURY TRIAL DEMAND

Plaintiff requests a jury trial on the issues raised in this complaint.


    Respectfully submitted,

    LYON, GORSKY, BASKETT,
    HARING, GILBERT & CATES, L.L.P.
    2501 Cedar Springs, Suite 750
    Dallas, Texas 75201
    214-965-0090 - Telephone
    214-965-0097 - Facsimile

By: *Rhonda Cates*

    RHONDA CATES
    State Bar No. 24012402

# Exhibit A

|  | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **310-2004-01092** |

**Texas Commission On Human Rights** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mrs. Kandice K. Bridges | (972) 233-8741 | 03-05-1973 |

Street Address: 5628 Lindenshire Lane, Dallas, TX 75230

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| JENKENS & GILCHRIST | 500 or More | (214) 855-4500 |

Street Address: 1445 Ross Avenue, Suite 3200, Dallas, TX 75202

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-31-2002     Latest: 05-12-2003
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Personal Harm:

Since on or around May 31, 2002, I have been treated differently than male co-workers.

a. subjected to negative comments about my appearance and the size of my breast.
b. unfavorable performance review dated November 7, 2002.
c. David Cowart, Shareholder, suggested that I take a work with me, after I requested medical leave in November 2002.
d. work responsibilities were removed.

I resigned from the position of Associate on or around May 12, 2003.

RESPONDENT'S REASON FOR ADVERSE ACTION:

Riva Johnson, Shareholder, stated my priorities were in the wrong order.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct

Dec 17, 2003 — Kandice Bridges (Charging Party Signature)

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT: Kandice Bridges

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
12/17/03

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>310-2004-01092C |
|---|---|---|

| Texas Commission On Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE (Continued from previous page):

## DISCRIMINATION STATEMENT:

I believe that I have been discriminated against because of my sex, female and pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Dec 17, 2003<br>*Date*          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please notify EEOC or the state or local agency where you filed your charge if retaliation is taken against you or others who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Exhibit B

# DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Kandice K. Bridges<br>5628 Lindenshire Lane<br>Dallas, TX 75230 | From: Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 310-2004-01092 | Belinda F. Mccallister,<br>Investigator | (214) 655-3382 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____ 12/17/03
Janet V. Elizondo,     (Date Mailed)
Director

Enclosure(s)

cc: Elaine Gress
Management of Employment
Jenkins & Gilchrist
500 N. Akard Street, Suite 2100
Lincoln Plaza
Dallas, Texas 75201

Rhonda Cates
Attorney at Law
Lyon, Gorsky, Baskett, Haring & Gilbert, LLP
2501 Cedar Springs, Suite 750
Dallas, Texas 75201

Enclosure with EEOC
Form 161 (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*