IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| KANDICE BRIDGES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:04-CV-495-G |
| | § | |
| JENKENS & GILCHRIST, | § | |
| A Professional Corporation | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Jenkens & Gilchrist, a Professional Corporation, hereby submits the following answer to Plaintiff's Original Complaint and Jury Demand ("Complaint").

Defendant sets forth its defenses, including affirmative defenses, as follows:

I.

At all times during Plaintiff's employment with Defendant, she was an employee at will employed only for an indefinite period and could be discharged with or without notice and with or without cause.

II.

All decisions, if any, relating to the employment of Plaintiff were made in good faith and based on factors other than those prohibited by federal or state law.

III.

Plaintiff has failed to exhaust her administrative remedies with regard to some or all of her claims.

IV.

Plaintiff has failed to meet the administrative prerequisites necessary to file some, or all, of her claims.

---

DEFENDANT'S ORIGINAL ANSWER                                                            PAGE 1

V.

Plaintiff failed to timely file this action within statutory prerequisites.

VI.

Plaintiff has failed to mitigate her damages, if any.

VII.

Plaintiff's claims must fail to the extent Defendant exercised reasonable care to prevent and correct promptly any alleged improper behavior and to the extent Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

VIII.

Plaintiff's compensatory damage claim is subject to the limitations imposed by 42 U.S.C. § 1981a.

IX.

To the extent Plaintiff is asserting a claim against Defendant other than for pregnancy discrimination under Title VII of the Civil Rights Act of 1964, her Complaint fails to state a claim against Defendant for which relief can be granted.

X.

Defendant answers the specific allegations of the Complaint as follows:

1. Defendant admits venue is appropriate in this Court. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the Court may exercise federal question subject matter jurisdiction over this matter. Defendant denies remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits it is an employer of more than fifteen individuals. Defendant further admits it is Plaintiff's former employer. Defendant admits its Registered Agent for service of process is C.T. Corporation System at 315 N. St. Paul Street, Dallas, Texas 75201. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits it assigned Plaintiff to its ERISA practice group upon her hire. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits T. David Cowart was a leader of the ERISA practice group during Plaintiff's employment with Defendant. Defendant admits Ms. Riva Johnson was once the board member liaison to the ERISA practice group  Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits it assigned Plaintiff to serve the role of filing team leader for a brief period. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the date Plaintiff conceived her child and therefore denies same. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits it removed Plaintiff as a filing team leader following her unacceptable performance in the position. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits Plaintiff advised co-workers as to various details regarding her pregnancy. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore denies same.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 18 of the Complaint and therefore denies same. Because Plaintiff does not identify by name the individuals referenced in the remaining allegations contained in Paragraph 18, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

19. Defendant admits it presented Plaintiff with her performance review prior to the date upon which she began her pregnancy leave of absence. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Because Plaintiff does not identify by name the individuals referenced in Paragraph 20 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore denies same.

22. Defendant admits Plaintiff gave birth to her first child prematurely. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint and therefore denies same.

23. Defendant admits Plaintiff returned to work on a part time basis after her pregnancy leave of absence. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits Plaintiff resigned her employment. Defendant denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendant realleges and incorporates by reference its answers to Paragraphs 1 through 25 as if set forth fully herein.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant is not required to admit or deny Plaintiff's prayer for relief in Paragraph 36; however, Defendant avers there are no facts in law or equity that would warrant granting the relief requested.

37. Defendant admits Plaintiff seeks to recovery attorneys fees in this matter, but denies it has taken any actions against Plaintiff entitling her to an award of such fees.

38. Defendant is not required to affirm or deny the allegations contained in Plaintiff's prayer for relief in Paragraph 38, but avers there are no facts in law or equity that would warrant granting the relief requested.

39. Defendant admits Plaintiff seeks a jury trial, but denies all claims are so triable.

40. All allegations not heretofore admitted are denied.

XII.

WHEREFORE, premises considered, Defendant prays, (a) that upon final hearing Plaintiff takes nothing by way of her Complaint, and (b) that Defendant be awarded its costs and reasonable attorneys fees incurred in defense of this action and such other relief to which it is justly entitled.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*[signature]*

Bryant S. McFall
Texas Bar No. 00784556
Alicia S. Voltmer
Texas Bar No. 00797605
700 Preston Commons
8117 Preston Road
Dallas, Texas 75225
(214) 987-3800
(214) 987-3927 (Fax)

ATTORNEYS FOR DEFENDANT

OF COUNSEL:
John A. Gilliam
Texas State Bar #07938000
Jenkens & Gilchrist
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202

## CERTIFICATE OF SERVICE

    This is to certify that on this 8th day of April 2004, a true and correct copy of the above and foregoing was forwarded via certified mail, return receipt requested, to the following:

Rhonda Cates                       *via CMRRR #7002 0510 0002 8769 5158*
Lyon, Gorsky, Baskett, Haring, Gilbert & Cates, L.L.P.
2501 Cedar Springs, Suite 750
Dallas, Texas 75201

                                               Bryant S. McFall